IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DENNIS LEE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 2790 |
| | ) | |
| v. | ) | Paul E. Plunkett, Senior Judge |
| | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Chicago Police Department's (the "CPD") motion to dismiss

Plaintiff Dennis Lee Lewis' ("Lewis") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. For the reasons provided below, the CPD's motion is granted.

### Background

On March 24, 2005, Lewis filed a *pro se* complaint in the Circuit Court of Lake County,

Illinois. Thereafter, on May 10, 2005, the CPD timely removed the action to federal court pursuant

to the general removal statute, 28 U.S.C. § 1441. Lewis' complaint consists of five handwritten

pages, each headed as a "Federal Criminal Complaint," and reflects various dates spanning from

March 31, 1998 to January 2, 2005. *See* Compl. at 1-5. Notwithstanding a close reading of Lewis'

complaint, the Court notes its difficulty in determining what exactly Lewis alleges in that complaint

as it is cryptic and unintelligible. For example, the first few sentences of Lewis' complaint reads as

follows:

As United States Laws violated one of the guilty people says to me (Please don't Report us to the United Nations about Nationalist at about 6:52 p.m. At about 8:39 I was then ask Please don't call Judge Joe Brown. On January 12, 2005 at 507 one of the guilty Espionage called all the guilty Philippines Police. At about 5:20 pm. they then lied saying no Chicago Police Department Philippines is guilty an was seen an heard in Waukegan with some of them from former Enemy Country Phippine. At about 9:16 p.m the Laws was still violated as if they was Distroying USA.

(Compl. at 1.) However, to the extent Lewis alleges specific violations of law by the CPD, it appears that Lewis contends that it violated a number of federal statutes, citing 18 U.S.C. §§ 1001 & 1541-44,[1] a multitude of sections of what appears to be, but is by no means clear, violations of various articles of the U.S. Constitution, as well as violations of the United Nations charter. *Id.*

On October 28, 2005, the CPD moved to dismiss Lewis's complaint on two alternative grounds: (1) that the CPD "is not a proper party"; and (2) that Lewis' complaint fails to state a claim upon which relief can be granted, citing to Rule 8 of the Federal Rules of Civil Procedure. *See* Def.'s Mot. to Dismiss at 1-4. On November 15, 2005, Lewis responded to the CPD's motion to dismiss with a one-page letter. *See* Pl.'s Resp. Mot. to Dismiss at 1. Lewis contends that "The Defendant lied about my Direct Evidence on them" and again cites to various sections of what appears to be the U.S. Constitution. *Id.* Further, Lewis adds the allegation that the CPD "was causing fear with other people" and concludes with the proposition that the "Evidence all so [*sic*] proved criminal Conspiracy." *Id.* However, at no point does Lewis' response address the CPD's position that it is an improper party or that he has stated a claim upon which relief can be granted.

---

[1] 18 U.S.C. §§ 1541-44 deal with criminal penalties for violations arising from misstatements in passport/visa applications, as well as forging and misusing passports. Moreover, 18 U.S.C. § 1001, which deals with criminal liability for false or fraudulent statements to federal investigators, does not contain a private right of action. *See Williams v. McCausland*, 791 F. Supp. 992 (S.D.N.Y. 1992).

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure contends that the non-moving party has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the Lewis "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999). When ruling on a motion to dismiss, the Court assumes that well-pleaded allegations are true and draws all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan,* 196 F.3d 839, 845 (7th Cir.1999). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.,* 839 F.2d 375, 378 (7th Cir.1988).

## Analysis

As noted above, the CPD moves to dismiss on the ground that it is improperly named as a defendant. The Court agrees. As other courts in this district have noted, "[t]he Chicago Police Department does not enjoy a legal existence that is independent of the City of Chicago and cannot be sued as a separate entity." *Gutzwiller v. City of Chicago*, No. 03 C 7598, 2004 WL 1595369, at *4 (N.D. Ill. July 13, 2004) (citing *Reese v. Chicago Police Dept.,* 602 F. Supp. 441, 443 (N.D. Ill.1984)). Instead, it is "merely a department within the City of Chicago, a department for which

the City is answerable." *Hunt v. Jaglowski*, No. 85 C 1976, 1985 WL 2865, at *2 (N.D. Ill. Sept. 10, 1985). Lewis' complaint clearly reflects that he filed suit against the "Chicago Police Department." *See generally* Compl. For this infirmity, the Court dismisses Lewis' complaint.

Even if Lewis named the proper defendant (or amended his complaint to so reflect), the Court notes that he would still be unable to proceed because of Rule 8.[2] Rule 8 requires "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Lewis' complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged, and if so, what it is." *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993). *See also Kallembach v. Amcore Bank*, No. 01 C 50399, 2002 WL 31018360, at *2 (N.D. Ill. Sept. 10, 2002) ("A complaint must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of what the plaintiff asserts) (citing *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)). "When a litigant violates Rule 8's requirements, the court is empowered to dismiss the complaint." *Kallembach*, 2002 WL 31018360, at *2 (citing *U.S. v. Private Sanitation Indus. Assn.*, 793 F. Supp. 1114 (E.D.N.Y. 1992)).

In reviewing Lewis' complaint, it is clear that it violates Rule 8's requirements, even when

---

[2]By this point, Lewis should be well acquainted with Rule 8 as two courts have mentioned it in opinions or orders dismissing his actions which found their way to federal court via removal. *See Dennis Lee Lewis v. U.S. Secret Serv.*, No. 00 C 4695, 2000 WL 1129979, at *1 (N.D. Ill. Aug. 9, 2000) (dismissing Lewis' complaint because of lack of subject matter jurisdiction and pointing out that in reaching the decision, Lewis was not "faulted here for any noncompliance on his part" with Rule 8); *Dennis Lee Lewis v. Chicago Police Dept.*, No. 00 C 4763, Minute Order (N.D. Ill. Sept. 14, 2001) (dismissing Lewis' complaint as "too incomprehensible and irrational to pass muster under Rule 8").

construing it liberally. Lewis has not presented his complaint in a way for this Court or the CPD to determine whether Lewis has alleged a claim. Moreover, even if this Court were to "forever sift" through Lewis' complaint, the Court would still be unable to determine what exactly Lewis alleges due to its cryptic and unintelligible nature. Finally, Lewis' complaint is silent as to the relief sought, another failure by Lewis to meet the requirements of Rule 8.

While "[l]eave to replead is often granted when a claim is dismissed under Rule 8(a) for being unintelligible," Lewis' "complaint is beyond the point of resuscitation." *Hibben v. Countrywide Home Loans, Inc.*, No. 05 C 4262, 2005 WL 3262971, at *2 (N.D. Ill. Nov. 29, 2005) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003)). Like *Hibben*, this is not a case where a claim is "buried in plaintiff's complaint that entitles [him] to a second chance and an opportunity to replead" nor is it "a situation where extraneous matter in the complaint can be shaved off, leaving a trimmed down and valid complaint." *Id.* at *2. Rather, Lewis' complaint is incomprehensible and based on Lewis' other submissions with this Court, it will remain that way. As a result, this Court will not grant Lewis leave to replead.[3]

---

[3]The Court notes that Lewis was appointed counsel on July 5, 2005. However, after meeting in person with Lewis and reviewing documents provided by Lewis, appointed counsel advised the Court of his opinion that Lewis' claims were "not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law." (Mot. Relief for Appointment as Counsel ¶ 3.) For this reason the Court is going to dismiss the case with prejudice.

## Conclusion

For the reasons provided above, the Court grants the CPD's motion to dismiss with prejudice.

This is a final and appealable order.

**ENTERED:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** JAN 3 0 2006